UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARCUS BRENT FIFER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 15-3233 |
| SGT. BRIAN CAREY, | ) ) ) |
| Defendant. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Macon County Jail, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional violations related to the seizure of personal letters he possessed in his jail cell. The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment. (Doc. 24). The motion is granted.

## PRELIMINARY MATTERS

After Defendant filed his motion for summary judgment, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. 27). In his proposed Amended Complaint, Plaintiff seeks to add additional defendants who were allegedly involved in the

confiscation of personal property at issue.  As discussed below, Plaintiff cannot prevail on the underlying constitutional claims.  Accordingly, any amended complaint seeking to add defendants would be futile.  Plaintiff's motion is denied.

In addition, Plaintiff identifies the victim in his criminal case in his proposed amended complaint and in his response to the Defendant's motion for summary judgment.  The Court finds that this individual's name should not be part of the public record for the same reasons this individual's name was redacted in Plaintiff's criminal case.  See U.S. v. Fifer, No. 14-30006 (C.D. Ill., filed Feb. 11, 2014).  The Court therefore orders that Plaintiff's motion (Doc. 27) and response (Doc. 30) be sealed.  Redacted versions of these documents will be docketed in their place as detailed below.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).

The party moving for summary judgment must show the lack of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

## FACTS

At all times relevant, Plaintiff was incarcerated at the Sangamon County Jail ("jail").  Defendant Carey is a sergeant at the jail and the sole defendant Plaintiff named in his original complaint.

On April 23, 2015, Defendant Carey searched Plaintiff's jail cell and confiscated approximately 60 pages of handwritten letters Plaintiff had received from the victim in his pending criminal case, a friend, and his son.  Lieutenant Strayer, Defendant's supervisor, ordered Defendant Carey to seize the letters at an investigating law enforcement agency's request.

Copies of the letters were provided to Plaintiff's attorney in his criminal case. Pl.'s Dep. 27:6-7 ("But my lawyer had copies of [the letters] when she showed me."). Plaintiff's lawyer attempted to introduce them into evidence in his criminal case, but the court excluded any reference to them during the trial. See U.S. v. Fifer, No. 14-30006 (C.D. Ill., filed Feb. 11, 2014) (Government's Third Motion in Limine to Exclude Defendant's Exhibits granted in Text Order entered November 2, 2015).

In his deposition, Plaintiff admits that the letters did not apply to the charges for which he was actually tried. Pl.'s Dep. 33:7-10 ("[T]he letter applies to possession of child pornography while they didn't apply to the charge of exploitation of a minor."); 34:15-19 ("[T]hey dropped the possession of child pornography, and that's why they did the motion to eliminate all of the evidence that had anything to do with her age.").

## ANALYSIS

In its Merit Review Order, the Court found Plaintiff stated a claim because Plaintiff claimed the letters were exculpatory in his pending criminal case. See (Doc. 7). The Court cited Armstrong v. Daily, 786 F.3d 529 (7th Cir. 2015). Armstrong involved the

intentional destruction of potentially exculpatory evidence and the implications of fundamental fairness in a criminal prosecution that arose therefrom. Id. at 533-36. The parties agree that Armstrong is not applicable to the facts in this lawsuit—copies of the letters were provided to Plaintiff's lawyer in his criminal case.

Defendant argues further that Plaintiff cannot establish that Defendant's actions violated any of Plaintiff's constitutional rights. The Court agrees. Prisoners have no reasonable expectation of privacy in their jail cells and, therefore, are not entitled to the Fourth Amendment's protections against unreasonable searches and seizures. Hudson v. Palmer, 468 U.S. 517, 526 (1984). Moreover, once property is lawfully seized, the Fourth Amendment "cannot be invoked by the dispossessed owner to regain his property." Lee v. City of Chicago, 330 F.3d 456, 466 (7th Cir. 2003).

Nor can Plaintiff prevail on a procedural due process claim for failure to provide a pre-deprivation hearing. "[T]he necessity for quick action by the State or the impracticability of providing any meaningful pre-deprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking,

can satisfy the requirements of procedural due process." Parratt v. Taylor, 451 U.S. 527, 539 (1981). Providing an individual with a hearing prior to a law enforcement's seizure of property where the Fourth Amendment does not apply and the property in question is potential evidence in a criminal investigation defies common sense. Any such hearing risks both the potential destruction of the property and creates a risk that the otherwise unaware target of the investigation may obstruct law enforcement officials.

Plaintiff's criminal case may present barriers to the return of Plaintiff's letters as they relate to his trial and any appeal. Nonetheless, if a civil lawsuit is the proper forum at this time to seek return of the property, Plaintiff has an adequate post-deprivation remedy available to him in the Illinois Court of Claims. See Stewart v. McGinnis, 5 F.3d 1031, 1036 (7th Cir. 1993).

Finally, the confiscation of these letters does not amount to the type of extreme deprivation necessary to implicate constitutional conditions-of-confinement concerns under the Eighth or Fourteenth Amendment. See Burton v. Downey, 805 F.3d 776, 786 (7th Cir. 2015) (a plaintiff must suffer "deprivations of essential food, medical care, or sanitation" to make out a constitutional claim

(quoting Rhodes v. Chapman, 452 U.S. 337, 348 (1981)); Mayoral v. Sheahan, 245 F.2d 934, 938 (7th Cir. 2001) (claims by pretrial detainees arise under the Fourteenth Amendment, not the Eighth Amendment).

Therefore, the Court finds that no reasonable juror could conclude that Plaintiff's constitutional rights were violated.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint [27] is DENIED for the reasons stated above.**

2) **Clerk is directed to seal the original copies of Plaintiff's Motion for Leave to File an Amended Complaint [27] and Plaintiff's Response to Defendant's Motion for Summary Judgment [30]. Clerk is further directed to docket redacted copies of said documents, removing all references to the full name of the individual with the initials "C.T." This individual's initials shall be substituted where the full name appears in the documents.**

3) **Defendant's Motion for Summary Judgment [24] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendant and against Plaintiff. All pending motions not addressed are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

4) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues**

3:15-cv-03233-SEM-TSH   # 33   Page 8 of 8

**the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:    June 27, 2016.

FOR THE COURT:

<pre>                    s/ Sue E. Myerscough          </pre>
                  SUE E. MYERSCOUGH
              UNITED STATES DISTRICT JUDGE

Page **8** of **8**
